842 F.2d 1293
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George Allen WILLEY, Helen Beatrice Willey, Plaintiffs-Appellants,
David R. Levin, Trustee, Plaintiff-Appellant,
v.
VILLAGE SAVINGS BANK, Defendant-Appellee.
 87-1676.
 United States Court of Appeals, Fourth Circuit.
 March 18, 1988.
 
 Richard Snyder Harman for appellants.
 Thomas Edward Cabaniss (Ann K. Crenshaw, McGuire, Woods, Battle & Boothe on brief) for appellee.
 Before CHAPMAN and WILKINSON, Circuit Judges, and THOMAS SELBY ELLIS, III, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 In this appeal, we must determine whether Village Savings Bank (Bank) holds a valid lien on property owned by George and Helen Willey, and whether the bankruptcy court abused its discretion in lifting the automatic stay provisions of 11 U.S.C. Sec. 362(a) to permit the Bank to enforce its lien. We agree with the district court that the Bank holds a valid lien and that there was no abuse of discretion in the lifting of the stay.
 
 
 2
 In 1984, Landbank Equity Corporation conveyed to the Bank deeds of trust in eighty-eight lots of land as security for promissory notes executed by Landbank and payable to the Bank. Landbank then conveyed the property to Kimberly Company, a company owned by the principals of Landbank. Kimberly sold one of the lots to the Willeys.
 
 
 3
 The deed of trust contained a provision stating that the Bank could, if any part of the property was conveyed without the Bank's consent, declare the debt due and payable. When Landbank filed for bankruptcy in 1985, the Bank sought to declare the full debt due on the basis of the transfer from Landbank to Kimberly.
 
 
 4
 Upon learning that the Bank sought to enforce its deed of trust and accelerate the debt, the Willeys filed a Chapter 13 petition, in which they proposed to pay off the deed of trust in place of Landbank. The bankruptcy court stayed action by the Bank on the Willeys' property. After a hearing, the bankruptcy court found that, when Landbank transferred the property to Kimberly, the Bank "informally waived" the acceleration clause in the deed of trust and that a subsequent purchaser might be defrauded by "the appearance of taking subject to a deed of trust when in fact [the acceleration clause] had already arguably been triggered." Having thus found fraud, the bankruptcy court declared the Bank's deed of trust void. On appeal, the district court reversed, holding that the Bank held a valid first lien on the Willeys' property, and that there was no evidence in the record establishing fraud. We agree with that holding for the reasons set forth by the district court. In re Willey, No. 86-00341-N (E.D.Va., Sept. 12, 1986).
 
 
 5
 The district court remanded the matter to the bankruptcy court for a determination of the relief to which the parties were entitled, and the bankruptcy court granted the Bank's motion for relief from the stay. On appeal, the district court held that the Willeys had failed to present any new facts to the bankruptcy court to show why the Bank should not have been relieved of the stay and permitted to enforce its lien. The district court also held that the Willeys failed to present any such facts on appeal, and therefore affirmed the bankruptcy court's ruling. We find no error in the district court's decision, and affirm on its opinion. In re Willey, Civil Action No. 87-330-N (E.D.Va., July 20, 1987).